Noah G. Hillen, ISB No. 7690
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 6538
Boise, ID 83707
Telephone (208) 297-5774
Facsimile (208) 297-5224
ngh@hillenlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>Dawson, Kelly C.<br><br>     Debtor. | Case No. 17-00232-JMM<br>Chapter 7<br><br>**TRUSTEE'S OBJECTION TO EXEMPTION** |
|---|---|

---

**NOTICE OF OBJECTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

TO THE ABOVE NAMED COURT, THE DEBTORS AND DEBTORS' ATTORNEY:

**NOTICE**

  YOU ARE HEREBY NOTIFIED that the Trustee of the above estate objects to the

following exemption(s) claimed by the debtor(s) in this proceeding:

| Asset | Specific Law | Value of Exemption |
|---|---|---|
| 5884 Cougar Flat Ave., Meridian, ID 83646 | Idaho Code §§ 55-1001, 55-1002, 55-1003 | $100,000 |

**TRUSTEE'S OBJECTION TO EXEMPTION - 1**

YOU ARE FURTHER NOTIFIED that the Trustee will ask the Court to grant an Order sustaining the objection(s) without further hearing unless a written reply to the Trustee's objection is filed in duplicate within fourteen (14) days from the date this objection is mailed. File the original (1) with the U.S. Bankruptcy Court, 550 W. Fort St., MSC 042, Boise, ID 83724; and (2) a copy with the Trustee. A written response to the Trustee's objection must be set for hearing and notice thereof mailed to parties in interest.

## **OBJECTION**

Pursuant to I.C. § 55-1003, Idaho's homestead exemption is limited to the lesser of $100,000 or the "net value" of the homestead. "Net value" is defined in I.C. § 55-1001 and means "market value less all liens and encumbrances." A debtor's entitlement to exemptions is determined as of the petition date. *Culver, L.L.C. v. Chiu (In re Chiu)*, 226 B.R. 743, 751 (9th Cir. BAP 2001); *In re Carlson*, 09.4 IBCR 131, 132 (Bankr. D. Idaho 2009).

Debtor filed this bankruptcy on March 8, 2017. She filed her Schedule A/B on March 16, 2017, listing the real property located at 5884 Cougar Flat Ave., Meridian, ID 83646 (the "Real Property") with a value of $200,500. Debtor listed a $160,447 lien in favor of Seterus, Inc. encumbering the Real Property on her Schedule D. Therefore, the "net value" for purpose of Idaho's homestead exemption totaled $40,053. Debtor claimed a $40,053 exemption in the Real Property on her Schedule C. On April 19, 2019, Debtor filed an Amended Schedule C claiming a $100,000 exemption as to the Real Property. This amended exemption should be disallowed. Debtor's homestead exemption is limited to the $40,053 "net value" as of the petition date.

Debtor likely attempts to increase her homestead exemption because the Real Property has experienced postpetition appreciation. Caselaw in our circuit is clear that postpetition

**TRUSTEE'S OBJECTION TO EXEMPTION - 2**

appreciation is property of the bankruptcy estate.[1]  This case has also stayed open for as long as it has because the Debtor failed to timely turn over the $1,341 nonexemption 2016 income tax refunds.  Trustee requested these funds from Debtor on May 15, 2017.   Debtor paid $650 to the estate on April 18, 2018 and $600 to the estate on May 8, 2018.  Debtor did not pay the remaining $91 until February 4, 2019.

Date:   May 3, 2019                                               /s/  Noah G. Hillen
                                                                  Chapter 7 Bankruptcy Trustee

---

[1] The Ninth Circuit most recently addressed this issue in *Wilson v. Rigby* on November 27, 2018: http://cdn.ca9.uscourts.gov/datastore/opinions/2018/11/27/17-35716.pdf

**TRUSTEE'S OBJECTION TO EXEMPTION - 3**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date as indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the individuals so noted below. I further certify that, on the same date, I have mailed by United States Postal Service the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*\*Electronic Notification*

Benjamin J Mann    brian@hwmlawfirm.com, brian@ecf.courtdrive.com
Shawn Gordon Miller    ecf@capstonelaw.net, shawn@capstonelaw.net
Nolan Roy Sorensen    nolan@capstonelaw.net, ecf@capstonelaw.net
US Trustee    ustp.region18.bs.ecf@usdoj.gov

*Served by U.S. MAIL*

Kelly Dawson
5884 Cougar Flat Ave.
Meridian, ID 83646

                                                     /s/ Noah G. Hillen
                                                     Date: May 3, 2019

**TRUSTEE'S OBJECTION TO EXEMPTION - 4**